# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANTHONY PACE | ) |
|               Plaintiff, | ) **COMPLAINT** |
| v. | ) Case No.: 4:24-cv-662 |
| SYNCHRONY BANK | ) **JURY TRIAL DEMANDED** |
|               Defendant. | ) |

## COMPLAINT AND JURY DEMAND

COMES NOW, Anthony Pace, by and through undersigned counsel, and for his Complaint against Defendant Synchrony Bank, for their violations under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states to the Court as follows:

## INTRODUCTION

1. The TCPA was enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012).

2. Defendant, upon information and belief, makes auto-dialed calls to individuals across the country.

3. Unfortunately, Defendant does not obtain prior express written consent to place these autodialed telemarketing calls, does not abide by the FTC's do-not-call list, and does not maintain its own internal do-not-call list, and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. These autodialed calls placed by Defendant caused Plaintiff to suffer actual harm and legal injury. Plaintiff has suffered aggravation, invasion of privacy, nuisance due to receiving such calls. Plaintiff suffered from the diminished use, enjoyment, utility, and value of his telephone as these calls

1

interfered with his access to his cell and residential phones.

5. The TCPA was enacted to protect consumers from unauthorized and unwanted autodialed calls exactly like the ones alleged in this case. See Mims v. Arrow Fin Servs., LLC, 132 S.Ct., 740, 745 (2012). Defendant placed these autodialed calls despite the fact that Plaintiff never provided Defendant with prior express written consent to receive them.

6. Senator Hollings, the TCPA's sponsor, described these autodialed calls as "the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).

7. By placing the autodialed calls at issue to individuals on both the FTC do-not-call registry and who should be on an internal do-not-call list, Defendant has violated the privacy and statutory rights of Plaintiff and caused him to suffer actual harm by subjecting him to the aggravation that necessarily accompanies the receipt of such repeated and unauthorized autodialed calls.

8. Plaintiff therefore seeks an injunction requiring Defendant to stop using an autodialer to place telemarketing calls to telephones, to stop allowing phone calls to numbers on the FTC's do-not-call registry, and to maintain and abide by an internal do-not-call registry, as well as an award of actual and statutory damages, together with costs and reasonable attorneys' fees.

**PARTIES**

9. Plaintiff Anthony Pace ("Plaintiff") is a resident of the State of Missouri.

10. Defendant Synchrony Bank is a Connecticut corporation 777 Long Ridge Rd Stamford, CT, 06902.

**JURISDICTION AND VENUE**

11. This Court has personal jurisdiction over Defendant because Defendant Synchrony Bank frequently transacts business in this state, has made contracts within this state, and/or have

committed tortious acts within this state and otherwise has sufficient minimum contacts with the State of Illinois.

12. Venue is proper because a substantial part of the events, actions, and omissions of Defendant, which give rise to the claims and subjects Defendant to liability for this auto-dialed calling campaign and failure to maintain and internal do-not-call list, occurred in this circuit.

13. Plaintiff resides in this venue and received the at-issue calls while in this venue.

14. Plaintiff's area code, (314), is associated with Saint Louis, Missouri. Thus, any party texting or calling Plaintiff should reasonably expect Plaintiff to reside in or near this district.

15. Defendant Synchrony Bank is incorporated in and domiciled in the state of Connecticut with its principal place of business located in Stamford, CT, and attempts to market and sell its services throughout the entire country.

16. Plaintiff is an individual located in Arnold, Missouri.

17. This Court has personal jurisdiction over Defendant because they have purposefully availed itself of this jurisdiction and specifically, this Circuit, as the events giving rise to this lawsuit occurred in and emanated from, in substantial part, this Circuit.

## TCPA BACKGROUND

18. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

19. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robocalls"), finding:

Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.

- - -

Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call…is the only effective means of protecting telephone consumers from this nuisance and privacy invasion. *Id.* § 2(10) and (12); *see also Mims*, 132 S. Ct. at 745.

## STANDING

20. The TCPA, 47 USC 223(b)(3) confers a private right of action to any person an action based on violations the statute.

## FACTUAL ALLEGATIONS

21. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

22. On a date better known by Defendant, Defendant began contacting Plaintiff via telephone.

23. Plaintiff did not consent to receiving these communications.

24. Plaintiff does not have an existing relationship with Synchrony Bank.

25. Despite this, Defendants contacted Plaintiff anyway.

26. Plaintiff is on the Do Not Call registry.

27. Plaintiff has received multiple communications from Defendants in which Plaintiff did not consent to receiving.

28. Plaintiff has not given written consent to receive calls or texts from, or on behalf of Defendants, or any of its representatives or affiliates.

29. Plaintiff does not have a pre-existing business relationship with Defendant or any of its representatives or affiliates.

30. On a date better known by Defendant, Defendant began to attempt collection activities on Plaintiff's alleged debt for items he never purchased or owned.

4

31. Plaintiff does not owe an alleged debt to Defendant Synchrony Bank, or any of its representatives or affiliate.

32. Plaintiff has had to constantly endure these phone calls throughout his day as they invaded upon his privacy and solitude.

33. Defendant Synchrony Bank knew that they continued to call to attempt to telemarket services from an individual who attempted to prevent his phone number from receiving such harassing calls.

34. These continued calls were harassing and intended to frustrate Plaintiff.

35. Plaintiff instructed Defendant's agents/representatives to stop calling his device.

36. Even if Defendant believed they had consent to call Plaintiff, Plaintiff made clear that they did not have consent and should cease all calls.

37. Despite clearly and unequivocally revoking any consent Defendant may have believed they had to call Plaintiff, Defendant continued to place automated calls and text messages to Plaintiff.

38. Each subsequent call Defendant made to Plaintiff's telephone was knowing and willful and done so without the express consent of Plaintiff.

39. Plaintiff received in excess of fifty (50) calls from Defendant.

40. Not a single call placed by Defendants to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 277(b)(1)(A).

41. Defendants willfully and knowingly violated the TCPA with respect to Plaintiff.

42. Each phone call placed by Defendant to the Plaintiff's phone without consent caused Plaintiff to suffer the injury of invasion of privacy and the intrusion upon his right of seclusion.

43. Each phone call placed by Defendant to the Plaintiff's phone without consent caused Plaintiff to suffer the injury of unnecessary expenditures to his time. For the calls Plaintiff answered, the time spent on these calls was unnecessary as Plaintiff never consented to receiving such calls and

was on the Do Not Call list. Even for unanswered calls, Plaintiff had to waste time silencing the call or waiting for the phone to stop ringing and Plaintiff had to waste time to check his voicemail. This also impaired the usefulness of Plaintiff's phone, which is designed to inform the user of important and legitimate missed communications.

44. Each phone call placed by Defendant to the Plaintiff's phone without consent caused Plaintiff to suffer the injury of occupation of his phone line by unwanted calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's calls.

45. Each phone call where a voice message was left by Defendant without the consent of the Plaintiff occupied space in Plaintiff's phone.

46. Every phone call placed by Defendant without express consent to Plaintiff's phone resulted in injury of trespass to Plaintiff's chattel, namely his telephone.

47. As a result of the calls described above, Plaintiff was affected in a personal and individualized way through stress, anxiety, nervousness, distress and aggravation.

48. Defendant's conduct has caused Plaintiff to suffer damages including, but not limited to, the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

49. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*
### Autodial Violations

50. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

51. The foregoing acts and omissions of the Defendant constitute violations of the TPCA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

6

52. Defendant violated the TCPA by (a) initiating a telephone call using an automated dialing system to Plaintiff's cellular telephone number assigned to him, or (b) by the fact that others caused the initiation of those calls on its behalf. *See* C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

53. The TCPA provides a private right of action, wherein a person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

   a. An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation.

   b. An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater; or

   c. Both such actions.

54. The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

55. The TCPA is a strict liability statute and Defendant is liable to Plaintiff, even if its actions were only negligent.

56. Defendant knew or should have known that: Plaintiff had not given express permission or invitation for Defendant or anyone else to initiate a telephone call using an automated dialing system to Plaintiff's telephone number to solicit information about Defendant.

57. If the Court finds that Defendant knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (b) of this paragraph. 47 U.S.C. § 227(b)(3).

58. Plaintiff, is also entitled to and do seek injunctive relief prohibiting the Defendants' violation of the TCPA in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff, and all others similarly situated, the following relief against the Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by the Defendant in the future;

b. As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227, Plaintiff, and all others similarly situated, seek treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff, and all others similarly situated, seek $500 in statutory damages for each and every call that violated the TCPA;

d. A declaration that Defendant's conduct violated the TCPA and that this action is just and proper;

e. An award of costs and such further relief as the Court may deem just and proper;

f. That this Court award pre-judgment and post-judgment interest at the statutory rate of 9%;

g. That this Court award Plaintiff's its attorney fees and all expenses incurred in preparing and prosecuting this claim; and

h. Such other relief as this Court may deem just and proper.

### COUNT II
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*
### Do Not Call Violations

59. Plaintiff, incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

8

60. The foregoing acts and omissions of the Defendant constitute violations of the TPCA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

61. Defendant violated the TCPA by failing to maintain reasonable procedures to place Plaintiff, and all others similarly situated, on their internal do not call list, as well to abide by its internal do not call list once individuals are placed on such a list.

62. Defendant violated the TCPA by failing to abide by the national do not call registry, maintained by the federal government.

63. The TCPA provides a private right of action, wherein a person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

   a. An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation.

   b. An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater; or

   c. Both such actions.

64. The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

65. The TCPA is a strict liability statute and Defendants are liable to Plaintiff, individually, and on behalf of all others similarly situated, even if its actions were only negligent.

66. Defendant called a residential telephone subscriber who had registered his telephone number on the national do-not-call registry of persons who do not wish to received telephone solicitations that is maintained by the Federal Government.

67. If the Court finds that Defendant knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award

9

to an amount equal to not more than three times the amount available under subparagraph (b) of this paragraph. 47 U.S.C. § 227(b)(3).

68. Plaintiff, and all others similarly situated, is also entitled to and do seek injunctive relief prohibiting the Defendant's violation of the TCPA in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff, and all others similarly situated, the following relief against the Defendant:

   a. Injunctive relief prohibiting such violations of the TCPA by the Defendant in the future;

   b. As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227, Plaintiff, and all others similarly situated, seek treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

   c. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff, and all others similarly situated, seek $500 in statutory damages for each and every call that violated the TCPA;

   d. A declaration that Defendant's conduct violated the TCPA and that this action is just and proper;

   e. An award of costs and such further relief as the Court may deem just and proper;

   f. That this Court award pre-judgment and post-judgment interest at the statutory rate of 9%;

   g. That this Court award Plaintiffs' its attorney fees and all expenses incurred in preparing and prosecuting this claim; and

   h. Such other relief as this Court may deem just and proper.

## COUNT III: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt

69. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

70. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

71. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

72. Defendant's collection efforts only serve to confuse and mislead the consumer.

73. Defendant's collection efforts were materially false, misleading, and deceptive.

74. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anthony Pace prays that this Court:

   A.   Declare that Defendant's debt collection actions violate the FDCPA;

   B.   Enter judgment in favor of Plaintiff Anthony Pace and against Defendant for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and

   C.   Grant other such further relief as deemed just and proper.

## COUNT IV: Violations Of § 1692d Of The FDCPA – Harassment or Abuse, False or Misleading Representation

75. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

11

76. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

77. Defendant's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

78. Defendant's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anthony Pace, prays that this Court:

A. Declare that Defendant's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Anthony Pace, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

### COUNT V: Violations Of § 1692f Of The FDCPA –Unfair Practices

79. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

80. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

81. Defendant's communications with Plaintiff were deceptive and misleading.

82. Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

83. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Anthony Pace prays that this Court:

    A.    Declare that Defendant's debt collection actions violate the FDCPA;

    B.    Enter judgment in favor of Plaintiff Anthony Pace, and against Defendant for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and

    C.    Grant other such further relief as deemed just and proper.

## JURY DEMAND

84.    Plaintiff hereby demands a jury trial on all counts so triable.

Dated: May 13, 2024

Respectfully Submitted,

**HALVORSEN KLOTE**

By:    /s/ Joel S. Halvorsen

Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com
*Attorney for Plaintiffs*